# Exhibit 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CANDYCE BOWLING | CIVIL ACTION NO. |
| | JUDGE |
| VERSUS | MAGISTRATE |
| MARCUS BROWN, SOUTHERN REFRIGERATED TRANSPORT, INC. AND IQS INSURANCE RISK RETENTION GROUP, INC. | |

## NOTICE FOR REMOVAL

**NOW INTO COURT,** through undersigned counsel, come Defendants, Marcus Brown and Southern Refrigerated Transport, Inc., which file this Notice for Removal pursuant to 28 U.S.C. §1332 and 1441 to hereby remove this matter from state court to the docket of this Honorable Court and respectfully represent the following:

## BACKGROUND

**1.**

This action has been brought in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, entitled "*Candyce Bowling vs. Marcus Brown. Southern Refrigerated Transport, Inc. and IQS Risk Retention Group, Inc.*" bearing Civil Action Number 623101, Division A, on the docket of the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, with the petition being filed on March 18, 2020. (See Petition for Damages attached as Exhibit "A").

**2.**

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants in said action are attached hereto as Exhibit A.

**3.**

Additionally, as required, a list of all attorneys, including their addresses, telephone numbers and parties represented is attached hereto as Exhibit B.

**4.**

This action is a civil action brought by Plaintiff, Candyce Bowling, seeking to recover damages as alleged in Plaintiff's Petition for Damages. (Petition for Damages attached hereto as Exhibit "A").

**5.**

Receipt of notice of the suit was received by defendant, Southern Refrigerated Transport, Inc. via mail on or about March 27, 2020; therefore, removal is timely under 28 U.S.C. §1446(B)(1)-(3).

**BASIS OF REMOVAL**

**6.**

The grounds for removal are diversity of citizenship under 28 U.S.C. §1332 and 28 U.S.C. §1441—each defendant is completely diverse from the plaintiff and the amount in controversy exceeds $75,000.00, in light of the damages alleged in plaintiff's petition.

**7.**

Plaintiff is a citizen of the State of Louisiana.

**8.**

Defendant, Marcus Brown, is a person of full age of majority, resident of, domiciled in, and a citizen of the State of Alabama.

**9.**

Defendant, Southern Refrigerated Transport, Inc., is a corporation incorporated in the State of Tennessee, with its principal place of business in Arkansas.

**10.**

On information and belief, no other co-defendants have been served, and upon further information and belief all other co-defendants would consent to removal.

**11.**

Because complete diversity exists between the plaintiff – a citizen of Louisiana - and each defendant – none of whom are citizens of Louisiana - diversity of citizenship exists among the parties.

**13.**

Defendants deny liability for any damages sought by plaintiff; however, upon information and belief, the amount in controversy exceeds the requisite jurisdictional amount of $75,000.00.

**14.**

Plaintiff, Candyce Bowling, alleges that as a result of the subject collision, she has been caused to suffer "severe, disabling and permanent injuries" and has incurred the following damages, which she itemizes as follows:

- Back pain;

- Neck pain;

- Pain on left side of shoulder;

- Pain in left knee;

- Patellofemoral malalignment and instability and tear of the medial patellofemoral ligament/retinaculum complex at the patellar attachment including patella alta; 50% lateral patellar translation; 21 degree lateral patertilt; moderately severe and advanced areas of chondral ulceration and chondral delamination involving the central to lateral aspects of the patella and the femoral trochlea;

- Medial meniscus tear;

- Lateral meniscus tear;

- Tibial collateral ligament, minor grade 2 sprain;

- Osteoarthrosis, including areas of moderately severe and advanced chondromalacia..

- Moderate to large joint effusion; small popliteal cyst;

- Minor proximal patellar tendinopathy;

- Annular disc bulges at L2-L3, L3-L4, L4-L5 and minor bilateral facet arthrosis at L5-S1;

- Extensive medical treatment;

- Having to undergo surgery;

- Injury to body as a whole;

- Injuries not yet diagnosed;

- Physical pain and suffering;

- Mental pain and anguish;

- Physical disability;

- Loss of enjoyment of life;

- Physical impairment;

- Inconvenience;

- Risk of traumatically induced arthritis;

- Inability to work; and

- Loss of incidental time.

Exhibit "A" at ¶¶ 12 and 16.

## **REMOVAL PROCEDURE**

### **15.**

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendants of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

### **16.**

The state court action was commenced on March 18, 2020, and this removal has been filed within 1 year after its commencement.

### **17.**

Venue is proper within the Western District of Louisiana because the matter is being removed from the 1st Judicial District Court for the Parish of Caddo—a court which the Western District of Louisiana embraces, and more specifically:

Hon. Ramon Lafitte
1st Judicial District Court for the
Parish of Caddo, State of Louisiana
Section A
501 Texas Street, Suite 300C
Shreveport, LA 71101

### **18.**

Under 28 U.S.C. §1446(d), the movers affirm that they will give written notice of this removal to all adverse parties and will file a copy of the Notice with the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.

**19.**

Pursuant to 28 U.S.C. §1447(b) and LR 3.2, mover identifies all counsel as follows:

    a.  *Counsel for Plaintiff—Candyce Bowling*
        Jack M. Bailey, Jr., Esq.
        Mary Lou Sally Bylsma
        Valerie A. DeLatte
        Jack M. Bailey, III
        LAW OFFICES OF JACK M. BAILEY, JR.
        2790 Fairfield Avenue
        Shreveport, Louisiana 71104
        Tel: (318) 222-5200
        Fax: (318) 222-5289
        Email: jmb@jackbaileylaw.com

    b.  *Counsel for Defendants— Marcus Brown and Southern Refrigerated Transport, Inc.*
        James A. Prather, Esq.
        C. Bowman Fetzer, Jr., Esq.
        Galloway, Johnson, Tompkins, Burr & Smith
        #3 Sanctuary Boulevard, Third Floor
        Mandeville, Louisiana  70471
        Tel.:  (985)-674-6680
        Fax:  (985)-674-6681
        Email: jprather@gallowaylawfirm.com
                bfetzer@gallowaylawfirm.com

**20.**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal.  He likewise certifies that to the best of his knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

**WHEREFORE,** Defendants, Marcus Brown and Southern Refrigerated Transport, Inc., pray that this Notice of Removal be accepted as good and sufficient, and that this civil action be removed from the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, to the docket of this Honorable Court for trial and determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

 _/s/ C. Bowman Fetzer_____
**JAMES A. PRATHER (#20595) (T.A.)**
**C. BOWMAN FETZER (#34541)**
3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70471
Telephone:  985-674-6680
Facsimile:  985-674-6681
***Counsel for Marcus Brown, Southern***
***Refrigerated Transport, Inc. and IQS Risk***
***Retention Group, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 22th day of April, 2020, a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

 _/s/ C. Bowman Fetzer_____
**C. BOWMAN FETZER**

CANDYCE BOWLING                     :     SUIT NUMBER: 623101-A

VERSUS                              :     FIRST JUDICIAL DISTRICT COURT

MARCUS BROWN, SOUTHERN              :     CADDO PARISH, LOUISIANA
REFRIGERATED TRANSPORT, INC.,
and IQS INSURANCE RISK
RETENTION GROUP, INC.

PERMANENT ASSIGNMENT                :     SECTION: _____

## PETITION FOR PERSONAL INJURIES

NOW INTO COURT, through undersigned counsel of record, comes and appears CANDYCE BOWLING, of the full age of majority, and who represent/s to the Court the following:

1.

Made defendants are:

(1)  **MARCUS BROWN,** an individual who at all times material to this suit was domiciled at 5019 Lapine Drive, Adamsville, AL 35005, and because of his acceptance of the rights and privileges conferred by existing laws for a nonresident to operate motor vehicles on the public highways of the State of Louisiana, has appointed the Secretary of State, State of Louisiana, as his agent for service of process;

(2)  **SOUTHERN REFRIGERATED TRANSPORT, INC.,** a foreign corporation, who is the employer of the defendant, MARCUS BROWN, whose principal place of business is 8055 Highway 67, Texarkana, AR 71827, and is at all times material to this suit which is answerable for the damages occasioned by its employees; and, because of its acceptance of the rights and privileges confirmed by existing laws for a non-resident to allow its motor vehicles on the public highways of the State of Louisiana, has appointed the Secretary of State, State of Louisiana, as its agent for service of process.

(3)  **IQS INSURANCE RISK RETENTION GROUP, INC.,** the automobile liability insurer of SOUTHERN REFRIGERATED TRANSPORT, INC., the above named defendant; a foreign insurance corporation doing business in

**EXHIBIT A**

the State of Louisiana, whose address is 76 St. Paul Street, Suite 500, Burlington, VT 05401-4477.

2.

The parties and the subject matter of this case are within the jurisdiction of this Honorable Court.

3.

On April 9, 2019, Defendant, MARCUS BROWN, was the operator of 2018 Freight Liner, bearing a 2018 license, plate number 2503901. This vehicle was owned by his employer/Defendant, SOUTHERN REFRIGERATED TRANSPORT, INC., and the defendant was acting as the agent/servant/employee of the defendant/employer at the time of the incident. The defendant/employee, was in the course and scope of employment and the furtherance of the employer's business in the operation of the vehicle. The negligence and fault of the defendant/employee, is imputed to the defendant/employer, as a result of the relationship existing between them at the time of the wrongful acts.

4.

At the time when petitioner's right and cause of action arose, the defendant employee, and the defendant employer, had automobile liability insurance with the defendant insurance company, IQS INSURANCE RISK RETENTION GROUP, INC.

5.

Plaintiff has causes of action under Civil Code Article 2315, Liability for Acts Causing Damages, which are stated as follows:

> "A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
>
> "B. Damages may include loss of consortium, service, and society, . . ."

6.

Plaintiff has a cause of action under Civil Code Article 2616, Negligence, Imprudence, or Want of Skill, which states, "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."

7.

Plaintiff has a cause of action under Civil Code Article 2617, Acts of Others and of Things in Custody, which states, "We are responsible, not only for the damage occasioned by our own act, but for that which is answerable, or of the things which we have in our custody."

8.

Plaintiff has a cause of action under Civil Code Article 2320, Acts of Servants, Students or Apprentices, which states as follows:

> "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."
>
> * * * *
>
> "The master is answerable for the offenses and *quasi*-offenses committed by his servants . . ."

9.

Petitioner states the above insurance policy was in full force and effect and was validly issued on April 9, 2019, and by virtue of Louisiana Revised Statute 22:1269, petitioner has the right of direct action against all insurance companies.

10.

The wrongful act which injured Petitioner occurred on April 9, 2019, in the parking lot at Love's Travel Stops located at 9600 Greenwood Road, Greenwood, Louisiana 71033.

11.

Immediately before the collision, Petitioner was asleep in her truck in a parking spot at Love's Travel Stops. The defendant driver was attempting to park his truck in a spot next to petitioner's when he back into her tractor, causing her to fall out of her sleeper bed.

12.

This collision, which resulted from the fault, breach of duties and negligence of the defendant driver, caused severe, disabling, and permanent injuries to petitioner.

13.

Petitioner was exercising due care and caution and was completely free from any and

all negligence, fault or breach of duties which in any manner contributed to petitioner's injuries and damages. This incident was caused by the sole fault, breach of duties, and negligence of the Defendants.

14.

The fault, breach of duties and negligence of the defendant employee, MARCUS BROWN, which consists of the following nonexclusive particulars, is imputed to defendant's employer/Defendant, SOUTHERN REFRIGERATED TRANSPORT, INC., who is liable for all acts or omissions to act of the defendant employee because of the relationship existing between them at the time of the acts and/or omissions alleged in this petition:

A. Negligent entrustment;

B. Failure to have employee follow the rules of the road;

C. Violations of the Louisiana Highway Regulatory Act;

D. Violations of the Federal Motor Carrier Safety Regulations;

E. Failure to properly use traffic control devices and warnings;

F. Violation of the Commercial Driver's License Manual and requirements;

G. Operating the vehicle at a high and excessive rate of speed;

H. Failing to keep a proper lookout;

I. Failing to have his truck under control so as to keep it from striking petitioner's vehicle;

J. Failing to steer his vehicle properly so as to avoid striking petitioner's vehicle;

K. Failing to apply the brakes properly on his vehicle so as to bring it to a stop before colliding with Petitioner's vehicle;

L. Failing to slow down and maintain control of the vehicle as defendant should have done under the circumstances;

M. Failing to have defendant's motor vehicle under proper and adequate control;

N. Traveling at a greater rate of speed than a reasonable and prudent person would have done under the same or similar circumstances;

O. Failing to apply defendant's brakes at a time and a place that a reasonable

person would have done under the same or similar circumstances;

P.  Failing to take evasive action so as to avoid the impact and collision;

Q.  Failing to see what defendant should have seen by exercising due diligence, which lack of diligence prevented defendant from avoiding the impact;

R.  Driving recklessly and carelessly;

S.  Violating the laws/ordinances/statutes including federal, state, parish, and city where the wreck occurred;

T.  Failing to discover the vehicle in defendant's path when defendant should have discovered it;

U.  Failing to exercise reasonable care and prudence in discovering the peril of another individual in time to avoid the wreck and resulting injuries to other individuals;

V.  Failing to observe what defendant should have observed;

W.  Failing to see what defendant should have seen;

X.  Failing to exercise due diligence in observing the parked truck;

Y.  Failing to properly maintain and inspect his vehicle, and operating a vehicle which he knew or should have known was unsafe and dangerous;

Z.  Disregarding the rights of others, in being inattentive and acting in a careless and thoughtless manner and causing injuries to others;

AA. Failing to exercise due care and caution as a reasonable and prudent person would have done under the same or similar circumstances.

BB. Failure to exercise of due care, prudence, and the laws of Louisiana, which are specially pleaded as if and as though copied in extensor.

Petitioner states that the above acts and failure to act was the cause in fact of the wreck and resulting injuries.

15.

Defendant should have seen petitioner's vehicle in time to avoid a collision, and defendant is guilty of fault, breach of duties, and negligence for driving at a rate of speed

too great to allow defendant to stop within the range of defendant's vision and control. The defendant did not have the right to assume that defendant's course of travel was free from danger or obstruction. In the absence of defendant's ability to see a path free from obstruction, defendant continued to travel as if defendant knew there was perfect clearance, traveling at defendant's own risk and becoming liable in damages for all the injuries sustained by petitioner.

16.

Petitioner is not trained in medical terminology. Petitioner cannot describe the exact injuries sustained by petitioner in precise medical terms in the same manner as physicians. However, petitioner was grievously injured as a result of the fault, breach of duties and negligence of the defendant/s in the following nonexclusive ways:

- Back pain;

- Neck pain;

- Pain on left side shoulder;

- Pain in left knee ;

- Patellofemoral malalignment and instability and tear of the medial patellofemoral ligament/retinaculum complex at the patellar attachment, including: patella alta; 50% lateral patellar translation; 21 degree lateral patellar tilt; moderately severe and advanced areas of chondral ulceration and chondral delamination involving the central to lateral aspects of the patella and the femoral trochlea;

- Medial meniscus tear;

- Lateral meniscus tear;

- Tibial collateral ligament, minor grade 2 sprain;

- Osteoarthrosis, including areas of moderately severe and advanced patchy chondromalacia/chondral ulceration involving the weightbearing portions of the medial and lateral femoral condyles and the central to lateral aspects of the patellofemoral compartment;

-6-

- Moderate to large joint effusion; small popliteal cyst (4 x 1.8 x 1 cm);

- Minor proximal patellar tendinopathy;

- Annular disc bulges and minor bilateral facet arthrosis at L2-L3, L3-L4, L4-L5 and minor bilateral facet arthrosis at L5-S1 without central spinal stenosis or neural foraminal stenosis;

- Extensive medical treatment;

- Having to undergo surgery;

- Injury to body as a whole;

- Injuries not yet diagnosed;

- Physical pain and suffering;

- Mental pain and anguish;

- Physical disability;

- Loss of enjoyment of life;

- Physical impairment;

- Inconvenience;

- Risk of traumatically induced arthritis

- Inability to work; and,

- Loss of incidental time.

17.

Petitioner was enjoying good health and had many fruitful years left to enjoy life without suffering from the physical and mental anguish that has been inflicted upon petitioner by the acts of the defendants.

18.

Petitioner was physically and mentally capable of competing in the job market. Because of the injuries that petitioner suffered, petitioner has been robbed of past and future economic opportunity and has lost the opportunity to have earned wages, income, and benefits. Petitioner has also suffered actual lost wages and/or will lose actual wages as a result of the injuries inflicted on petitioner in this incident.

19.

Petitioner states that as a result of this wrongful act caused by the fault, breach of duties and negligence of the defendant employee, which negligence is imputed to the defendant employer, petitioner has suffered the following damages:

A.   Past physical pain and suffering as may appear reasonable in the premises;

B.   Future physical pain and suffering as may appear reasonable in the premises;

C.   Past mental pain and anguish as may appear reasonable in the premises;

D.   Future mental pain and anguish as may appear reasonable in the premises;

E.   Past physical disability as may appear reasonable in the premises;

F.   Future physical disability as may appear reasonable in the premises;

G.   Past loss of enjoyment of life as may appear reasonable in the premises;

H.   Future loss of enjoyment of life as may appear reasonable in the premises;

I.   Past humiliation and embarrassment as may appear reasonable in the premises;

J.   Future humiliation and embarrassment as may appear reasonable in the premises;

K.   Past physical impairment as may appear reasonable in the premises;

L.   Future physical impairment as may appear reasonable in the premises;

M.   Past inconvenience as may appear reasonable in the premises;

N.   Future inconvenience as may appear reasonable in the premises;

O.   Past anxiety as may appear reasonable in the premises;

P.   Future anxiety as may appear reasonable in the premises;

Q.   Past emotional distress as may appear reasonable in the premises;

R.   Future emotional distress as may appear reasonable in the premises;

S.   Disfigurement and scarring as may appear reasonable in the premises;

T.   Risk of traumatically induced arthritis as may appear reasonable in the premises;

U.   Past medical, hospital, chiropractic, and/or doctor bills as may appear reasonable in the premises;

V.   Future medical, hospital, chiropractic, and/or doctor bills as may appear reasonable in the premises;

W.     Past expenses for drugs, medicines and orthopedic devices as may appear reasonable in the premises;

X.     Future expenses for drugs, medicines and orthopedic devices as may appear reasonable in the premises;

Y.     Past expenses for physical therapy as may appear reasonable in the premises;

Z.     Future expenses for physical therapy as may appear reasonable in the premises;

AA.     Loss of past economic opportunity and/or lost wages as may appear reasonable in the premises; and,

BB.     Loss of future economic opportunity and/or lost wages as may appear reasonable in the premises.

20.

Petitioner will be required to call at the trial on the merits, medical experts and other expert witnesses to establish the extent of petitioner's injuries. Petitioner is entitled to have these expenses taxed as additional costs of Court.

W H E R E F O R E, petitioner prays that:

1.     All defendants be served with a copy of this petition and cited to appear;

2.     After all legal delays and due proceedings had, that there be judgment in favor of your petitioner and against each of the defendants individually for the total amount of the damages, as may appear reasonable in the premises together with legal interest thereon from the date of judicial demand until paid, together with all costs of these proceedings to include the costs for all expert witnesses of any description, including but not limited to economic and medical experts; and,

3.     For all other relief, both general and equitable, necessary in the premises.

[SIGNATURE ON FOLLOWING PAGE]

LAW OFFICES OF JACK M. BAILEY, JR.
2790 Fairfield Avenue
Shreveport, Louisiana 71104
Telephone (318) 222-5200
Telecopier (318) 222-5289

BY: _____

JACK M. BAILEY, JR., Bar No. 2686A
MARY LOU SALLY BYLSMA, Bar No. 26496
VALERIE A. DeLATTE, Bar No. 35748
JACK M. BAILEY, III, Bar No. 37023
*ATTORNEYS FOR PETITIONER*

**SERVICE INFORMATION:**

**MARCUS BROWN,**
through his agent for service of process:
Secretary of State, State of Louisiana,
8585 Archives Avenue,
Baton Rouge, Louisiana 70809

and through Louisiana Long Arm:
5019 Lapine Drive,
Adamsville, AL 35005;

**SOUTHERN REFRIGERATED TRANSPORT, INC.,**
through its agent for service of process:
Secretary of State, State of Louisiana,
8585 Archives Avenue,
Baton Rouge, Louisiana 70809,

and through Louisiana Long Arm:
8055 Highway 67,
Texarkana, AR 71827; and,

**IQS INSURANCE RISK RETENTION GROUP, INC.,**
Through Louisiana Long Arm:
76 St. Paul Street, Suite 500,
Burlington, VT 05401-4477.

ENDORSED FILED
JIM SCOTT, Deputy Clerk

MAR 18 2020

A TRUE COPY ATTEST

CADDO PARISH DEPUTY CLERK

-10-